UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00188-FDW

| | |
|---|---|
| ROBERT H. JOHNSON,             )<br>                                                          )<br>           Petitioner,                         )<br>                                                          )<br>vs.                                                  )<br>                                                          )<br>DEPT. ADULT CORRECTIONS PAMLICO )<br>CORRECTIONAL INSTITUTION,    )<br>                                                          )<br>           Respondent.                       )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Robert H. Johnson's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner is a prisoner of the State of North Carolina. He filed the instant habeas Petition on October 17, 2017, when he placed it in the prison mail system. See Houston v. Lack, 487 U.S. 266, 267 (1988).

Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave to proceed without prepayment of fees and costs. Rule 3(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas prisoner seeking in forma pauperis status file "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(2), 28 U.S.C.A. foll. § 2254. Petitioner has done neither. Nevertheless, the Court shall grant Petitioner indigent status for the sole purpose of dismissing this action.

Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all

1

the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. foll. § 2254. Petitioner has not stated a single ground for relief. Thus, there is no way for the Court to determine whether he is entitled to relief from the criminal judgment imposed in state court. The Court shall dismiss the instant habeas Petition without prejudice to Petitioner's ability to file another § 2254 habeas petition that complies with the Rules Governing Section 2254 Petitions.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner is granted indigent status for the sole purpose of enabling the Court to dismiss this action;

2. The 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED without prejudice**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 24,

Frank D. Whitney
Chief United States District Judge